JOSIAH C. PARKER *v.* WALTER DUNN AND OTHERS.

Notoriety of entry.
Claim to lands, between Little Miami and Scioto rivers, under Virginia resolution warrants, good.

THIS cause was adjourned here for decision from the county of Brown. It was a bill in chancery by the junior patentee of the elder entry, seeking a conveyance from the elder patentee. The case is stated in the opinion of the court.

M. MARSHALL, for complainant.

THOMPSON and SCOTT, for defendants.

By the COURT:
The bill states that, in July, 1799, Josiah Parker, being the owner of a land warrant, issued by the Commonwealth of Virginia for revolutionary services, caused an entry of the same to be made between the Little Miami and Scioto rivers. The entry is as follows: " January 29, 1799. No. 3,549. Josiah Parker enters four hundred and fifty acres of land on part of a military warrant, No. 1,920, on White Oak creek, about four or five miles from the mouth, beginning at the southwest corner of Curry's, and northwest corner to Heath ; *thence N. 45, W. 370 poles, crossing [233 White Oak to a sycamore and hackberry marked with painted letters; thence S. 45, W. 370, to an ash and hackberry ; thence S. 12, W. 30 poles to a stake ; thence eastwardly to the beginning." The bill further states, that Josiah Parker was the grandfather of the complainant, and that he died leaving a will, devising to complainant all his estate, including the tract in controversy, upon condition that his devisee should assume the name of Parker, which he has done.

John Graham has made an entry covering the same land, and has the elder patent. The prayer is, that the defendant may set out his title and convey to the complainant his right, etc.

Walter Dunn, the trustee of the said John Graham, and the defendants, who claim under him, say, in their answers, that the warrant of the complainant was issued by a resolution of the

Commonwealth of Virginia, and was therefore, by law, void as respects the complainant's right to locate the lands in the Virginia military tract. One of the complainants also insists upon the statute of limitations, etc. By the agreement of parties it is admitted that the complainant was a minor, residing in the State of Virginia, where he continued to reside until some time in the year 1824, and also that Josiah Parker was a resident of the same state, and never was in Ohio. Upon well-settled principles, the statute of limitations does not apply.

The case furnishes the most abundant proof of the notoriety of the entries of Heath and Curry for more than thirty years. As the facts furnish no deviation from the settled principles applicable to notoriety, it is unnecessary to detail them as exhibited in evidence.

It is urged this entry is vague in its calls for Curry's and Heath's, as those entries are not identified by quantities or numbers; but those entries are well defined, not only by fixed but by artificial monuments, and there is an entire absence of proof that there are any other claims, in the name of Curry or Heath, on White Oak run. A subsequent locator could not, therefore, be misled or confused for the want of a more exact and precise description of these entries.

The other point made in this cause was considered and decided 234] in the case of Parker v. Wallace, 3 Ohio, 490. *Upon a review of the principles of the last-mentioned case the court is entirely satisfied with the decision. It may be added, that the holders of resolution warrants have repeatedly been recognized by Congress as equally entitled to bounty lands within the Virginia military reservation with others having certificates, and particularly by the acts of March 3, 1807, April 11, 1818, and March 1, 1823. This, however, was a vested right in the holder when the cession was made to the general government. In the reservation no distinction is made between those entitled to bounty by resolution or otherwise, nor is it competent to institute an inquiry upon what evidence the warrant was issued.

The court is, therefore, clearly of opinion the complainant is entitled to the relief sought.